

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# Scott v. Quigley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Scott v. Quigley" (2007). *2007 Decisions.* Paper 376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3330
_____

RONALD K. SCOTT,

Appellant

vs.

KEITH B. QUIGLEY, Honorable Judge; JOSEPH REHKAMP, Honorable Judge; R.
SCOTT CRAMER, District Attorney; CHAD CHENOT, District Attorney; S. C. WALZ,
III, Public Defender; BRENDA ALBRIGHT, Clerk of Courts; ELIZABETH
FROWNFETTER, District Justice; JAMES MOYER, JR., District Justice; JEFFREY A.
BEARD, Commissioner, PA DOC; RAY J. SOBINA, Superintendent, SCI Somerset;
PERRY COUNTY, PA; PA DEPT OF CORRECTIONS.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-CV-00768 )
District Judge:   Honorable A. Richard Caputo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.
Filed September 26, 2007

_____

OPINION
_____

1

WEIS, Circuit Judge.

Plaintiff in this action was convicted of robbery in state court on April 17, 2000, and began to serve his sentence. The court granted bail, which plaintiff posted on February 13, 2002. At that time, he was imprisoned in the State Correctional Institution at Somerset ("SCI-Somerset"). He was not released, however, because of detainers lodged against him.

On Thursday, February 28, 2002, the plaintiff's detainers were paid and the court ordered him released on bail. That same day, the Perry County Sheriff's Office sent a certified copy of the order granting the plaintiff's release to officials at SCI-Somerset via United States Postal Service. SCI-Somerset received the order four days later on Monday, March 4. Upon receiving the documents, officials at SCI-Somerset completed verification procedures and approved the plaintiff 's release that day.

At that time, Pennsylvania Department of Corrections policies required satisfaction of all outstanding detainers before an inmate could be released. Moreover, an inmate was not to be released on bail until prison officials received an original, certified court order allowing bail, an order setting bail, and a signed receipt that bail was paid. Defendant, Superintendent Sobina, stated that these policies were "necessary for security reasons and [were] required in order to guard against falsification of records and to ensure that the inmate's release is proper and in accordance with the Court's instructions."

2

Plaintiff alleges he was unlawfully detained during the four days that elapsed between the state court order and his actual release. He asserted numerous federal and state constitutional claims against various state officials. The District Court dismissed all of the plaintiff's claims except his Eighth and Fourteenth Amendment claims against corrections officials Sobina and Beard. Summary judgment was later entered in their favor. Plaintiff has appealed the grant of summary judgment.

The District Court dismissed the plaintiff's Eighth Amendment claim because he did not show that defendants acted with deliberate indifference. See Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993). The evidence supports the District Court's conclusion that prison officials responded promptly to the plaintiff's request for information and acted quickly to release him once they received the necessary paperwork. Moreover, plaintiff has not shown that he was denied due process. The regulatory procedures adopted by the Department of Corrections are reasonable and constitutional. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (applying three-part analysis to determine constitutionality of administrative procedures). The District Court, therefore, properly granted summary judgment for defendants.

Accordingly, we will affirm the Order of the District Court.